■ ABRAM BELLIS, as Administrator of the Estate of LOUIS BELITSKY, Deceased, Respondent, v. NATHANIEL R. HERMAN, Appellant.— In a malpractice action to recover damages for injuries suffered by plaintiff's decedent, the defendant appeals from a judgment of the Supreme Court, Kings County, entered May 10, 1961 after trial upon the jury's verdict of $31,200 in favor of such decedent. The decedent died during the pendency of this appeal; his administrator has been substituted as plaintiff. Judgment reversed on the law and the facts and new trial granted, with costs to abide the event. In 1952, defendant performed the surgical operation of removing prostatic tissue from the person of the plaintiff's decedent. The principal issue presented in this action was whether in the course of such 1952 operation defendant was guilty of malpractice by reason of the damage caused to the external sphincter muscle, as a result of which urinary incontinence ensued. In our opinion, the jury's affirmative finding on this issue, implicit in their verdict for plaintiff, is against the weight of the credible evidence. We also believe that as a matter of law the trial court erred in admitting testimony to the effect that excision of the verumontanum during a prior operation performed in 1950 by defendant upon decedent was contrary to accepted practice. In summation, this error was aggravated by plaintiff's attorney's reference to the Statute of Limitations as barring recovery for malpractice, if any, committed during the course of such *1950* surgery. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Rabin, JJ., concur.